**REEBOK INTERNATIONAL LTD. (a Massachusetts corporation) and Reebok International Limited (a limited company of the United Kingdom), Plaintiffs,**

v.

**SU YOUN PAK individually and d/b/a Young's Fashions, Usung Ree, Yungja Ree, Mr. Oh, Urico Trading Corp. and Byung Wok Yun, individually and d/b/a Yun's Fashions, Defendants.**

No. 87 Civ. 2727.

United States District Court, S.D. New York.

Dec. 17, 1987.

Lewin & Layton, New York City, for plaintiff Reebok Intern. Ltd. and Reebok Intern. Limited.

Altschul & Altschul, New York City, for defendants Oh, Usung Ree, Yungja Ree and URICO Trading Corp.

OPINION

GRIESA, District Judge.

The above caption is from the current complaint—the first amended complaint. The defendants include Urico Trading Corp. and defendants Oh, Unsung Ree and Yungja Ree, who are connected with Urico. The four Urico defendants are represented by the law firm of Altschul & Altschul, who stipulated to the "entry" of the first amended complaint.

Altschul & Altschul have filed, on behalf of the Urico defendants, an answer which contains five affirmative defenses and

**930**

fourteen counterclaims. The numbering of the counterclaims in the answer only goes to thirteen, but there are two counterclaims numbered "VII."

Plaintiffs have filed a motion to strike the affirmative defenses and dismiss the counterclaims. The Urico defendants have cross-moved to dismiss the action for lack of proper service of process. These defendants have also moved to "reargue" the issuance of the ex parte order allowing the seizure of records and counterfeit merchandise.

Of all of the affirmative defenses and counterclaims, only the third affirmative defense, the seventh counterclaim (second version) and the eighth counterclaim have any possible merit. Although the court has grave doubts that even these have any merit, the record does not justify striking or dismissing them. However, as to all the other affirmative defenses and counterclaims, it is clear beyond question that they should never have been pleaded, that they are totally frivolous, and that they do not even merit discussion in this opinion. This means that affirmative defenses 1, 2, 4 and 5 are stricken, and counterclaims 1–6, 7 (first version) and 9–13 are dismissed.

The cross-motion to dismiss the action is frivolous and is denied.

The motion to reargue the seizure order raises only one point which requires discussion. The Urico defendants contend that the order violates the Fourth Amendment. This argument is without merit. The Fourth Amendment protects against "unreasonable searches and seizures." The seizure order in the present case was issued pursuant to statute. 15 U.S.C. § 1116(d). Plaintiffs' application for the seizure order was supported by affidavits showing, in convincing detail, that Urico is a dealer in counterfeit Reebok merchandise. This illegal traffic was specifically admitted by the attorney for the Urico defendants in a conference before this court on August 19, 1987. The motion to reargue the seizure order is denied.

Decision on plaintiffs' motion for sanctions is reserved until the conclusion of the case.

SO ORDERED.