**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

NBA PROPERTIES,

Plaintiff-Appellant,

v.

VARIOUS JOHN DOES and JANE
DOES, and ABC CORPORATION,

Defendants-Appellees.

No. 97-4069
(D.C. No. 97-CV-380-C)
(D. Utah)

ORDER AND JUDGMENT[*]

Before PORFILIO, EBEL, and LUCERO, Circuit Judges.

Before us is Plaintiff-Appellant N.B.A. Properties' appeal from the district

court's denial of its ex parte motion for a temporary restraining order and seizure

and impoundment order, alleging defendants have and will continue to violate

plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051, et. seq., in connection

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with the sale of merchandise bearing the trademarks, service marks, trade names and/or logos of the National Basketball Association. Also before us is plaintiff's emergency application to this court for an ex parte temporary restraining order, seizure and impoundment order and order to show cause for a preliminary injunction pursuant to the Lanham Act. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we reverse.

Having considered the materials submitted by plaintiff, we conclude that the district court's finding that plaintiff is unable to identify any specific location or property at which the temporary restraining order and seizure and impoundment order may be directed is not supported by the record. We also conclude that plaintiff's motion for an ex parte temporary restraining order and seizure and impoundment order satisfied the statutory requirements for an ex parte temporary restraining order and seizure and impoundment order and satisfied the Fourth Amendment requirements. See 15 U.S.C. § 1116(d)(4)(B); Gucci America, Inc. v. Accents, 955 F. Supp. 279, 282 (S.D.N.Y. 1997) (holding that the statutory requirements under 15 U.S.C. § 1116(d)(4)(B) satisfy Fourth Amendment requirements; citing Reebok Intern. Ltd. v. Su Youn Pak, 683 F. Supp. 929 (S.D.N.Y., 1987)).

Accordingly, the order of the United States District Court for the District of Utah is REVERSED, and the case is REMANDED to the district court for expedited proceedings consistent with this order and judgment and to fashion appropriate relief sufficient to protect the plaintiff's interest under the Lanham Act. Plaintiff's Emergency Application is DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge